UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MICHAEL SHAWN LIGHT,**

   Plaintiff,

v.                                          **No. 4:23-cv-01177-P**

**PEPPERIDGE FARM, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Partial Motion to Dismiss (ECF No. 16). Having reviewed the Motion and applicable law, the Court concludes that the Motion should be and is hereby **GRANTED.**

## BACKGROUND

Plaintiff brings claims for discrimination, hostile work environment, and retaliation under Title VII. Plaintiff alleges that, while employed at Pepperidge Farm, Inc., he was subject to discrimination and wrongful termination by constructive discharge based on his sexual orientation. Defendant has filed a Partial Motion to Dismiss in response to Plaintiff's Amended Complaint. Defendant's Motion is now before the Court.

## LEGAL STANDARD

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court

is not, however, bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. If there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## ANALYSIS

Defendant argues that Plaintiff's common law negligence claim is preempted by Title VII and should be dismissed. The Court agrees. "A state law claim is preempted by a federal statute when the 'gravamen of a plaintiff's complaint is of the type of wrong that the statutory remedy was meant to cover.'" *McNeill v. Tyson Fresh Meats, Inc.*, No. 2:23-CV-041-Z, 2023 WL 8532408, at *12 (N.D. Tex. Dec. 8, 2023) (Kacsmaryk, J.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808–09 (Tex. 2010)). Discrimination, retaliation, and hostile work environment are the type of wrong that Title VII was meant to cover, and therefore, liability for employment discrimination and retaliation is limited to the statutory scheme provided by Title VII. *See Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 980 (N.D. Tex. 2011) (Lynn, J.) ("Title VII preempts Howe's claim for negligent supervision and retention."); *Moyer v. Jos. A. Bank Clothiers, Inc.*, No. 3:11-CV-3076-L, 2013 WL 4434901, at *17 (N.D. Tex. Aug. 19, 2013) (Lindsay, J.) ("Moyer's negligent training, supervision and retention claims are preempted by her Title VII claims."). The Parties agree on this point. *See* ECF Nos. 16 at 3–4; 18 at 3.

The Parties disagree, however, on whether the negligence claim in this case is sufficiently intertwined with Plaintiff's Title VII claims to warrant preemption. Defendant argues it is facially apparent from Plaintiff's Amended Complaint that Plaintiff's negligence claim is grounded in the same factual allegations as his claim for discrimination, retaliation, and hostile work environment under Title VII. In Plaintiff's Amended Complaint, Plaintiff alleges:

> 17. Prior to shifting to a discriminatory and hostile work environment, Plaintiff experienced negligence on the part of Defendant. Defendants working at location, made it clear with verbal threats that they would hurt Plaintiff. Plaintiff reported

>these verbal threats that promised violence to Defendant. Plaintiff made Defendant aware of non-safe and dangerous work environment.
>
>18. Defendant did nothing to correct the dangerous work environment. As a result, Plaintiff's non-safe work environment escalated into threats, harassment, and discrimination.
>
>. . .
>
>35. Defendant owed Plaintiff a legal duty to provide a safe work environment free from dangerous and threatening work environment.
>
>36. Defendant breached this duty when it initially heard about the dangerous and non-safe work environment and verbal threats of violence towards Plaintiff. Defendant knew that Plaintiff was dealing with a dangerous and unsafe work environment but did nothing. Instead, Defendant let it occur until it rose pass common law negligence. This lack of enforcement became the proximate cause of injury to Plaintiff by paving the way for discrimination, retaliation, and a hostile work environment.

ECF No. 15 at 17–18, 35–36.

Based on the foregoing allegations in Plaintiff's Amended Complaint, the Court agrees that Plaintiff's negligence claim is inextricably linked to his discrimination, retaliation, and hostile work environment claims under Title VII. In essence, Plaintiff alleges that Defendant's negligence gave rise to and manifested in the discriminatory conduct alleged. This is precisely the "type of wrong that [Title VII] was meant to cover." *McNeill*, 2023 WL 8532408, at *12.

In his Response, Plaintiff states—without much discussion or analysis—that the facts supporting his negligence claim are separate and distinct from those supporting his Title VII claims. *See* ECF No. 18 at 4 ("[O]nce those set of facts supporting negligence claim occur, an additional set of facts occur that rise to Title VII claims of discrimination, hostile work environment and retaliation."). Despite this assertion, Plaintiff is unable to disentangle his negligence claim from his Title VII claim. Plaintiff points to no separate set of facts on which he may stake a negligence claim, and therefore, Plaintiff's negligence claim must be **DISMISSED with prejudice.**

## CONCLUSION

For the reasons stated above, the Court concludes that Defendant's Partial Motion to Dismiss (ECF No. 16) should be and is hereby **GRANTED**. Plaintiff's negligence claim is **DISMISSED with prejudice**.

**SO ORDERED** on this **19th day of April 2024.**

*[signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE